Johnson, J.
This Court concurs in the order of the Chancellor dismissing the complainant’s bill; and I will proceed to state concisely the grounds upon which our concurrence is founded. . From the case sent up here, it appears, that the negroes, the subject of controversy, belonged to the four children of Andrew Hall, deceased, all of whom died in their infancy, leaving their mother, then Mrs. May, the wife of Robert May, surviving them, and, as it is conceded, the sole distributee of their estates. At the time of their deaths, which happened between 1810, and 1814, it appears, that Robert May was in possession of the negroes, and retained possession until his death, in 1823; and as the estates of the infants were not indebted, no administration was granted until sued out by the complainant in 1827. A short time after the death of Robert May, the negroes were taken in execution, and were sold to satisfy his debts, by the present defendant, who was then sheriff. If fhey were his property, of necessity the complainant can have no right to recover, whether the defendant did, or did not, purchase at the sale, or was, or was not,"competent to do so ; and the case will be, perhaps, better understood, by confining our inquiries to the question, whether they were, or were not, the property of Robert May. That on the death of all her children intestate, under age, without issue, and free from debt, their mother became intitled to all the interests which they possessed in the negroes; and that all chattel interests to which the wife was entitled, and which were reduced into possession by the husband during the coverture, belonged to him; are uncontroverted conclusions of law : and the question, therefore, now is, whether Robert May, the husband, did reduce these negroes into his possession during the coverture.
That he had the actual and exclusive possession of them, for more than ten years before his death, is not denied ; but the argument in support of the motion assumes, that his possession was fiduciary only, and vested no beneficial interest in him. The general rule is very clear, that when the husband holds property in trust, in which the wife has an interest in common with others, as when he' is executor, or administrator of an estate in which she is interested, his marital rights do not attach, until the in *60 terest of the wife is severed from that of the others; and it is for the reason, 'that until then, the thing iteslf is uncertain ; but here the thing was, at the time, and still is certain; and the case stated ascertains fully the nature and extent of the wife’s interest. An administration is the only legal mode of ascertaining the interest of persons in the estate of an intestate ; and, in general, it is the only mode by which this Court can ascertain it. But the circumstances of this case are peculiar. The intestates were all infants, and incapable of contracting debts; they lived with Robert May, the husband of their mother, whose duty it was to provide for them, and who did provide for them all that was necessary; and whatever of legal obligation the law raised against them, or their estates, was to him: thus not only negativing the existence of any other interest, but showing the utter impossibility, that any other could exist. All the objects of an administration have therefore been obtained. The possession of May did wrong to no one ; and he only had that to which he was entitled. If he held in trust, it was for himself. If as executor, it was in his own right, instead of'his own wrong.
Let us testthis, by supposing an administration regularly granted, immediately after the death of the children, to the complainant, or to a strangei. In an action at law he might perhaps have been intitled to recover the negroes from Robert May; but there can be as little doubt, that upon a bill filed, shewing the state of facts that in truth exist, he would have been restrained from enforcing his title. A Court of Equity will never suffer that to be done, from which no benefit can result to him who asks it, and which may, and must necessarily, prove injurious to another.’ Why permit the administrator to take the property of an intestate, from the only person in all the world, who could have any interest in it, when on the instant, the same Court would order it to be restored 1 What is this case? The complainant comes into the Court of Equity, to ask that the property of the estates of his several intestates shall be put into his hands to be administered. For what object ? Their mother was intitled to it; her husband reduced it into his possession, and it became his; and they have enjoyed it. What more does he want? What is there left to give him ?
Thus far I have considered the case in reference to the rights of the complainant alone; but regarding the defendant as not incompetent to purchase, he stands in the relation of a creditor, for the ne* *61 groes were sold to pay the debts of Robert l^Eay, and in that character he has claims which deserve consideration. It was before shewn, that Mrs. May was intitled to all the interest in the estates, of which these negroes constituted a part. Her husband had them in possession, and exercised over them all the acts of ownership, which he could have done over his own property. He used and disposed of them as his own property ; and who was there to question his right 1 He gained credit and contracted debts upon the faith that they belonged to him: and it will not be permitted, that the complainant, or any one else, even though there might be an interest, should take advantage of their negligence, to impose such a fraud on his creditors.
Elmore, for appellant.
Memminger contra.
The circuit decree proceeds on the ground, that the complainant is barred by the statute of limitations : but independently of the case of Brown v. Geiger, 4 M’C. 423, referred to in the argument, and decided by this Court, I confess I cannot well discover, in what manner the statute could operate. Whatever of interest there was, in the subject mattter, was concentred in Robert May, and wife; and the possession was theirs : so that there was no one to be affected by time; and no one against whom the statute could run. It could only operate against themselves, and for their own benefit; and therefore its operation must be nugatory.
Whatever may be the rights of the defendant, the complainant is not intitled to recover. It is very clear, however, that the defendant was the purchaser, through an agent, at his own sale as sheriff; and the act of 1791, expressly declares such purchase void. 1 Faust, 41. It would seem, from Mrs. May’s letter of the 2d January 1824, that there was some understanding, that he was to bid in the negroes on account of the estate ; and I have no question that he might legally do so : and if that be true, he is liable, on account of any violation of that understanding; but it is only to those who weie parties to it, and not to this complainant. The motion to ieverse the decree must be refused.
Colcock, J. concurred.

Decree affirmed.